UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TANZANIA BAKER                                    CIVIL ACTION

VERSUS                                            NO. 04-3401

FEDEX GROUND PACKAGE                              SECTION "N"  (3)
SYSTEM, INC.

# **O R D E R**

Before the Court is the Motion to Reconsider filed by plaintiff Tanzania Baker on

July 18, 2005.  (Rec. Doc. No. 20).  Through her motion, plaintiff urges the Court to reconsider its

Order, dated July 8, 2005,[1] denying plaintiff's Motion to Transfer.

The Federal Rules of Civil Procedure do not formally recognize a motion to

reconsider *in haec verba.  See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).

Nevertheless, the Fifth Circuit has held that a motion for reconsideration to reinstate a case may be

classified under either Rule 59 or Rule 60, depending upon the timing of filing.  *See id*.; *see also*

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on*

*other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because plaintiff's motion was filed within ten days of the July 8, 2005 Order, the Court treats

---

[1]In her motion, the plaintiff asks the Court to reconsider its Order dated June 10, 2005, denying plaintiff's Motion to Transfer.  The Court did not issue its ruling, however, on June 10, 2005.  Rather, the record indicates that plaintiff filed her Motion to Transfer on June 10, 2005, and the Court issued its Order denying same on July 8, 2005.

plaintiff's request as a motion to reconsider under Rule 59.  Therefore, defendant's request to reconsider the Court's Order is a Rule 59(e) motion to "alter or amend the judgment."  *See Pryor*, 769 F.2d at 285.

A district court has considerable discretion to grant or deny a motion under Rule 59(e).  *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere*, 910 F.2d at 173.  A court's reconsideration of a prior order is an "extraordinary remedy which should be used only sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Lafargue v. Jefferson Parish*, 2000 WL 174899, at *1 (E.D.La. Feb. 11, 2000) (Duval, J.).  *See also Fields v. Pool Offshore*, 1998 WL 43217, at *2 (E.D.La. Feb. 3, 1998) (Clement, J.), *aff'd*, 182 F.3d 353 (5th Cir. 1999).  The court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts."  *Bohlin*, 6 F.3d at 355.  Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion:  (1) the motion is necessary to correct a manifest error of law or fact; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law.  *See, e.g, Fidelity & Deposit Co. v. Omni Bank*, 1999 WL 970526, at *3 (E.D.La. Oct. 21, 1999) (Fallon, J.); *Jupiter v. BellSouth Telecomms., Inc.*, 1999 WL 796218, at *1 (E.D.La. Oct. 5, 1999) (Vance, J.); *Burma Navigation Corp. v. Seahorse*, 1998 WL 781587, at *1 (E.D.La. Nov. 3, 1998) (Porteous, J.).

After a thorough analysis of the briefs, the record, and the applicable law, the Court denied plaintiff's Motion to Transfer in its Order dated July 8, 2005.  The Court reasoned that the *Baker* and *Finley* actions are not comprised of all or a material part of the same subject matter or the

same set of operative facts, *see* LR 3.1, and that transfer of the *Baker* action to Section K is not appropriate.

Plaintiff now moves for the Court to reconsider that Order, asserting that the Court incorrectly applied Local Civil Rules 3.1 and 3.1.1E.  According to plaintiff, the two actions share common issues of fact and law, common witnesses, identical defenses, and identical counsel and record, and the cases therefore should be consolidated.  Once again, plaintiff relies solely on Rule 42 of the Federal Rules of Civil Procedure, which addresses consolidation, and not Local Civil Rules 3.1 and 3.1.1E, which govern the requested transfer (which must occur first before the transferee court may even consider whether the cases should be consolidated).  In arguing that the Court incorrectly applied the Local Civil Rules to deny the requested transfer, plaintiff inserts into LR 3.1 and LR 3.1.1E a time requirement, where there clearly is none.

This Court finds that it did not err in its conclusion that transfer is not appropriate. Nothing in the plaintiff's arguments demonstrates that the motion is necessary to correct a manifest error of fact or law, that plaintiff presents newly discovered or previously unavailable evidence, that the motion is necessary in order to prevent manifest injustice, or that the motion is justified by an intervening change in the controlling law.  Thus, the Court, exercising its considerable discretion to grant or deny a motion under Fed. R. Civ. P. 59(e), finds that plaintiff has failed to meet her burden. Accordingly, **IT IS ORDERED** that plaintiff's Motion to Reconsider is **DENIED**.

New Orleans, Louisiana, this   17th   day of August, 2005.

**KURT D. ENGELHARDT**
**United States District Judge**