UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANZANIA BAKER | CIVIL ACTION |
| VERSUS | NO. 04-3401 |
| FEDEX GROUND PACKAGE | SECTION "N" (3) |

ORDER GRANTING DEFENDANT's
MOTION FOR RECONSIDERATION

Defendant's Motion for Reconsideration[1] of this Court's order granting plaintiff's application to proceed *in forma pauperis* on appeal[2] is before the undersigned pursuant to the reference of the district judge.[3] The matter has been fully briefed and is ripe for determination. While motions for reconsideration are sparingly granted, such action is clearly warranted in this case.

LAW AND ANALYSIS

Under Rule 59(e) of the Federal Rules of Civil Procedure, the court enjoys "considerable discretion" in granting or denying a motion for reconsideration.[4]  A motion for reconsideration

---

[1] *See* Defendant's Motion for Reconsideration (Rec. Doc. No. 116).

[2] *See* Order dated August 21, 2007 (Rec. Doc. No. 115); Plaintiff's Application for Leave to Appeal In Forma Pauperis (Rec. Doc. No. 114).

[3] *See* Reference of the District Judge (Rec. Doc. No. 123).

[4] *See Shepard v. Int'l Paper Co.,* 372 F.3d 326, 328 n. 1 (5th Cir.2004);  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998) (a motion for reconsideration filed and served within ten days of the rendition of judgment should be construed as a motion filed pursuant to Rule 59(e)).

"calls into question the correctness of a judgment."[5]  There are three grounds upon which a Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment: (1) an intervening change in the controlling law has occurred, (2) *evidence not previously made available to the adjudicator becomes available*, or (3) *it is necessary to correct clear error* or to prevent manifest injustice.[6]  However, reconsideration is an extraordinary remedy which should be used sparingly and "is not the proper vehicle for rehashing evidence, legal theories or arguments which that could have been raised prior to the entry of judgment."[7]

The Court, having considered the transcript of the plaintiff's deposition testimony, the defendant's motion to reconsider/supporting documentation, the plaintiff's opposition/supporting documentation and the controlling law (including 28 U.S.C. §1915), finds that reconsideration is warranted in this case.  Clearly, the plaintiff was not forthcoming in her application regarding either her assets or her income for the twelve (12) month period preceding the date that she filed her application.[8]  Plaintiff is a homeowner who has had thousands of dollars at her disposal during the pertinent twelve-month period, all of which she failed to disclose.  Moreover, this Court is not persuaded by the plaintiff's argument that the mortgage company owns her home in Slidell, Louisiana.

In addition to the foregoing, the record reveals that the district judge granted summary

---

[5]*Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir.2004) (citation omitted).

[6]*See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

[7]*Templet,* 367 F.3d at 478.

[8]*See* Defendant's Motion for Reconsideration, Memorandum in Support and Supporting Deposition Testimony of the Plaintiff (Rec. Doc. No. 116); *compare* Plaintiff's Application (Rec. Doc. No. 114).

judgment dismissing the plaintiff's case with *written reasons to follow*;[9] however, neither written reasons nor judgment has issued.  Accordingly, the matter is not ripe for appeal since judgment has not issued in this case.  At this stage of the proceedings and in absence of written reasons or appealable order, plaintiff's appeal is premature and thus, on the fact of the record, fails to state a *cognizable* claim on appeal.

There exists no absolute right to be allowed to proceed *in forma pauperis* in federal civil matters; instead, it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*.  28 U.S.C. §1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  *Id.*   Moreover, dismissal is warranted at any time the Court determines that either  "the allegation of poverty is untrue" or  "the action/appeal is frivolous" or it "fails to state a claim."  *Id.* at §1915(e)(2).

Accordingly and for all of the above and foregoing reasons,

**IT IS ORDERED** that **Defendant's Motion for Reconsideration #116**  is GRANTED

**IT IS FURTHER ORDERED** that this Court's order granting plaintiff's application to appeal *in forma pauperis* is recalled and vacated *nunc pro tunc*.

## OBJECTIONS

A party's failure to file written objections to foregoing  findings, conclusions and orders within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions

---

[9]*See* Order dated July 10, 2007 (granting summary judgment in favor the defendant and dismissing plaintiff's claims with prejudice) (Rec. Doc. No. 109).

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of November, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**